FILED
SUPERIOR COURT
OF GUAM

2014 APR 11 PM 2: 15

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

**SMALL CLAIMS DIVISION**

| | |
|---|---|
| MARK C. F. BORJA, | **SMALL CLAIMS CASE NO.** |
| Plaintiff , | **SD 6568-11** |
| VS. | **DECISION AND ORDER** |
| | **MOTION TO SET ASIDE** |
| YOUNG O. KIM | |
| SUNG YOON, | |
| Defendants. | |

## INTRODUCTION

This matter having come before the Court upon Defendant Sung Yoon's oral and subsequent written Motion to Set Aside the default judgment that was filed on December 27, 2011. Hearing on the motion was conducted on February 20 and 27, 2014. Both Plaintiff Mark C.F. Borja and Defendant Sung Yoon appeared *Pro Se*. At the request of Defendant and to assist him in prosecuting an appeal from the adverse decision on the motion, the Court hereby provides this written explanation of its determination.

## BACKGROUND

On August 8, 2011, Plaintiff and Defendant Young O. Kim were involved in an automobile accident in Tamuning, Guam. After an investigation by the Guam Police Department, Defendant Kim was cited for a violation of Title 16 GCA §§ 3327(a), 7130, and 19102 pertaining to the failure to yield, an expired registration, and the lack of mandatory insurance for the vehicle, respectively. Defendant Yoon is the son of Defendant Kim and is the registered owner of the vehicle involved in the accident.

On September 28, 2011, Plaintiff filed suit in Small Claims against Defendants seeking damages in the amount $3,233.66. Service of the Summons and Complaint was accomplished by delivering said pleadings Defendant Yoon's wife identified as Soo Jung Yoon on October 6, 2011.

Neither Defendant appeared for the Answering on October 25, 2011. Entry of Default and Default Judgment was filed and entered onto the docket on December 27, 2011.

On July 26, 2013, Plaintiff filed a Declaration and Order for Examination of Judgment Debtor and Related Supplemental Proceedings scheduled for August 29, 2013; however, the hearing did not go forward due to non-service of the notice. On December 12, 2013, Plaintiff again filed for a Judgment Debtor Examination for January 16, 2014. Service was made on Defendant Yoon on January 7, 2014; however, Defendant Kim was not served having relocated to Las Vegas, Nevada.

At the Judgment Debtor Examination, Defendant Yoon had taken exception to the entry of judgment against him and the proceedings to enforce the judgment. The Court decided to continue the matter to February 20, 2014, in order to allow Defendant Yoon to file a motion to set aside the default judgment. On that date and also on February 27, Defendant Yoon argued that he should not be held liable for the debt because of a failure of personal service of the summons and complaint, that his co-Defendant was not authorized to operate the vehicle involved in the accident, and that there were factual issues with how the accident occurred.

## DISCUSSION

For good cause shown, a court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). *See* GRCP 55(c). Rule 60(b) provides:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3)

2

not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as required by law, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

GRCP 60(b).

The judgment in this case was obtained in December 27, 2011. The motion to set aside was filed, at the earliest, on February 7, 2014, more than one year after the judgment was obtained. Thus, the reasons for obtaining a relief from judgment on the basis of subsections (1), (2) and (3) of Rule 60 are unavailable to the Defendant. Assuming that the motion was brought within a reasonable time, the Court will proceed to analyze the motion to set aside under the basis provided by Rule 60(b)(6).

Generally, a court will deny a motion to set aside a default judgment "if it is shown that (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea v. HK Eng'g*, 1998 Guam 14 ¶ 5. (citations omitted). A finding of but one of the three elements is sufficient to deny vacation of a default judgment. *Id.* (citation omitted). Two policy determinations drive Rule 60(b) review— that the rule is meant to be remedial in nature and should be applied liberally, and that a default judgment is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits. *Id.* (citation omitted).

In this case, there can be no dispute that service of the summons and complaint was made in accordance with Guam law. Although service upon the individual defendants was not personally made, Guam law allows service to be accomplished "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein". GRCP 4(e)(2). By Affidavit of Service, the Superior Court Marshal served the Summons and Complaint for each defendant by delivering them to wife of Defendant Yoon, an adult who resides at the residence of the Defendants. No one appeared at the Answering on the matter and thus entry of default and default judgment was granted against the Defendants.

3

Defendant Yoon merely denies that neither he nor his mother received the documents from his wife; however, this is insufficient reason to set aside the default. The reasonable inference drawn from the fact that even after his spouse received the documents is that she communicated said fact to either or both her husband and her mother-in-law and that either or both chose to ignore the summons and complaint. Another inference may be that the wife chose to ignore the documents, not tell either defendant, and discarded or misplaced the documents. There was no satisfactory explanation for not responding to the summons and complaint and the Court, without more, can only conclude that Defendants' conduct - their intentional lack of action - led to the default.

Therefore, the Court concludes that Defendants' culpable conduct resulted in the default in this case. Notwithstanding this conclusion, the Court will address the other two factors to further demonstrate why set aside should not be granted.

Guam law provides that every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages. *See* 16 GCA §17101. Defendant Yoon asserts that he should not be held liable because he had not given his mother permission to use the car that was involved in the accident. If true he may have a meritorious defense to action against him. He claims that, despite his mother not being on-island, he can obtain a sworn declaration from her that she indeed was not authorized to operate the vehicle at the time of the accident. Moreover, he insisted that the accident did not occur as indicated by the police department's investigation.

However, Defendant also says that his mother, the co-Defendant, would not return to Guam from Las Vegas. When asked then how would the credibility of his mother's assertion that she was not given authorization to operate the vehicle or how can the Court or the Plaintiff actually find out from her what had actually happened; Defendant Yoon's response was essentially that it was not his problem.

This flippant remark underscores the concern that if the Court were to set aside the default judgment that the Plaintiff would be prevented from seeking to advance his cause, would be unable

4

to rebut self-serving assertions from the defendants, or to permit a trier of fact effectively weigh the credibility and reasonableness of the averments before it. The Court finds that prejudice to the Plaintiff would be the result if the set aside were granted.

Therefore, for the foregoing reasons, the Court finds that Defendants are not entitled to set aside the default judgment taken against them and hereby **DENIES** the motion. The Court further **ORDERS** that efforts to collect on the judgment shall proceed accordingly and that a status hearing be set for May 6, 2014, at 11:00 a.m.

**SO ORDERED,** *NUNC PRO TUNC*, this _____ day of APR 1 1 2014 _____, 2014.

**HONORABLE ALBERTO E. TOLENTINO**
**Magistrate Judge, Superior Court of Guam**